IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015

### KENNETH RAY GRIFFIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Washington County
No. 26850     R. Jerry Beck, Judge**

**No. E2015-00239-CCA-R3-PC – Filed August 27, 2015**

The pro se Petitioner, Kenneth Ray Griffin, appeals the Washington County Criminal Court's denial of his motion to reopen his petition for post-conviction relief. Because the Petitioner failed to comply with the statutory requirements for seeking discretionary review of the dismissal of his motion, this court is without jurisdiction in this case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROGER A. PAGE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Kenneth Ray Griffin, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; and Tony Clark, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

In 1997, the Petitioner was convicted of first degree murder and especially aggravated robbery and sentenced to life without parole plus twenty-three years. On direct appeal, this court affirmed his convictions and sentences. See State v. Kenneth R. Griffin, No. E1998-00037-CCA-R3-CD, 2000 WL 944010, at *8 (Tenn. Crim. App. July 6, 2000), perm. app. denied (Tenn. Feb. 20, 2001).

On June 4, 2001, the Petitioner filed a timely pro se petition for post-conviction relief alleging ineffective assistance of counsel. The post-conviction court summarily dismissed the petition because the Petitioner failed to provide verification under oath. This court reversed the post-conviction court's order and remanded the case to give the

pro se Petitioner the opportunity to amend his petition. See Kenneth R. Griffin v. State, No. E2001-01932-CCA-R3-PC, 2002 WL 236697, at *3 (Tenn. Crim. App. Feb. 19, 2002).

Thereafter, the Petitioner filed an amended petition with the assistance of counsel, and the post-conviction court denied relief after an evidentiary hearing. This court affirmed the denial of post-conviction relief on March 5, 2014. Kenneth R. Griffin v. State, No. E2013-00617-CCA-R3-PC, 2014 WL 885998 (Tenn. Crim. App. Mar. 5, 2014), perm. app. denied (Tenn. Aug. 29, 2014).

On October 24, 2014, the Petitioner filed his first pro se motion to reopen his petition for post-conviction relief. The post-conviction court summarily dismissed the motion on November 5, 2014, finding that the Petitioner "state[d] no reasons as to why his post-conviction should be re-opened." See T. C. A. § 40-30-117 (2014) (providing statutory grounds for reopening a post-conviction petition).

The Petitioner subsequently filed another pro se motion to reopen his petition for post-conviction relief on December 18, 2014, alleging that post-conviction counsel omitted certain issues from the initial evidentiary hearing. On January 16, 2015, the post-conviction court again entered an order summarily dismissing the Petitioner's second motion. Specifically, the court found that "[t]he issues which the pro-se [P]etitioner says were left unresolved were addressed in the original post-conviction hearing." The court also noted that the Petitioner could not use the Post-Conviction Procedure Act of 1995 to attack post-conviction counsel and that the Petitioner failed to comply with statutory criteria to reopen his petition.

On February 6, 2015, the Petitioner filed a pro se notice of appeal in the Washington County Criminal Court.

## ANALYSIS

The Petitioner appears to argue that he received ineffective assistance of post-conviction counsel. The State responds that the appeal should be dismissed because the Petitioner failed to comply with the procedural requirements outlined in Tennessee Code Annotated section 40-30-117(c). Alternatively, the State argues that the post-conviction court properly denied the motion because the Petitioner failed to state a statutory basis for reopening post-conviction proceedings. We agree that this appeal should be dismissed.

A petitioner has no appeal as of right from the post-conviction court's denial of a motion to reopen a post-conviction proceeding. See Charles W. Elsea, Jr. v. State, No. E2012-01661-CCA-R3-PC, 2013 WL 1279178, at *2 (Tenn. Crim. App. Mar. 28, 2013),

perm. app. denied (Tenn. July 10, 2013) (citing Tenn. R. App. P. 3; Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App. Nov. 17, 2006)). Tennessee Code Annotated section 40-30-117(c), which governs appeals from the denial of a motion to reopen a post-conviction proceeding, provides:

> If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.

T.C.A. § 40-30-117(c); see Tenn. Sup. Ct. R. 28, § 10(B) ("A petitioner whose motion to reopen is denied shall have thirty (30) days to seek permission to appeal by filing an application, accompanied by the order denying the motion, in the Court of Criminal Appeals."). The Tennessee Supreme Court has summarized the requirements of the statute, stating that it "outlines four requirements of an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application." Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002). In order for a pleading entitled "Notice of Appeal" to be treated as an application for permission to appeal, the pleading "must include the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Id. at 691 (citing as examples Tenn. R. App. P. 9(d), 10(c), and 11(b)).

Here, the Petitioner's notice of appeal cannot be treated as an application for permission to appeal the denial of a motion to reopen. Although the notice complies with the requirements that an application be filed within thirty days and that it state the date and judgment from which it seeks review, it does not comply with any other criteria. The Petitioner filed the notice in the Washington County Criminal Court instead of this court as required under section 40-30-117(c). Additionally, the notice did not state the issues for review or the reasons why the Petitioner deserved relief. Nor did the Petitioner attach the required documents to his notice. We therefore conclude that the Petitioner failed to properly seek review of the post-conviction court's denial of the motion to reopen, and we lack jurisdiction to review the appeal.

## CONCLUSION

Upon review, we conclude that the Petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen his

post-conviction petition. Because we do not have jurisdiction to review this appeal on the merits, it is dismissed.


_____
CAMILLE R. McMULLEN, JUDGE